*People v Jones, supra,* at 415; *People v Romain,* 137 AD2d 848).
Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TERON JONES, Appellant. [726 NYS2d 283] —Appeal by the defen-
dant from a judgment of the Supreme Court, Queens County
(Eng, J.), rendered October 7, 1999, convicting him of criminal
sale of a controlled substance in the third degree, upon a jury
verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the pros-
ecution (*see, People v Contes,* 60 NY2d 620), we find that it was
legally sufficient to establish the defendant's guilt beyond a
reasonable doubt. Although there were some inconsistencies in
the arresting officer's testimony, resolution of issues of cred-
ibility, as well as the weight to be accorded to the evidence pre-
sented, are primarily questions to be determined by the trier of
fact, which saw and heard the witnesses (*see, People v Gaimari,*
176 NY 84, 94). Its determination should be accorded great
weight on appeal and should not be disturbed unless clearly
unsupported by the record (*see, People v Garafolo,* 44 AD2d 86,
88). Upon the exercise of our factual review power, we are
satisfied that the verdict of guilt was not against the weight of
the evidence (*see,* CPL 470.15 [5]).

The defendant's claim that the Supreme Court violated his
First Amendment right to freely exercise his religion is not
preserved for appellate review (*see,* CPL 470.05 [2]; *People v
Cooper,* 234 AD2d 77). Santucci, J. P., Goldstein, Luciano and
Adams, JJ., concur.